## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

   Plaintiff,

vs.                No. CR 06-1832 JB

ERIC MARTIN,

   Defendant.

### <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on: (i) the Defendant's Objections to the Presentence Report and Request for Variance, filed March 18, 2008 (Doc. 52); and (ii) the Defendant's Sealed Sentencing Memorandum, filed July 9, 2009 (Doc. 64). The Court held sentencing hearings on April 24, 2008 and on July 17, 2009. The primary issues are (i) whether the United States Probation Office ("USPO") correctly calculated Defendant Eric Martin's offense level and criminal history category; (ii) whether the USPO failed to adequately represent in the Presentence Investigation Report ("PSR") the counseling that Martin underwent and the progress he made while serving a previous term of imprisonment in attempting to overcome his mental and emotional deficiencies; (iii) whether a departure is warranted; and (iv) whether the Court should impose a sentence that varies from the applicable guidelines imprisonment range. For the reasons stated on th record, and for other reasons consistent with those already stated, the Court will overrule the objections to the USPO's calculations. The addendum to the PSR that the USPO later disclosed adequately addresses Martin's other objection to the PSR. The Court will therefore overrule that objection as moot. Finally, while the Court finds that departure is not warranted, the Court will vary

from the applicable guidelines imprisonment range and will sentence Martin to a term of 35 months

and 20 days, or time served, whichever is shorter.

## PROCEDURAL BACKGROUND

By way of a plea agreement, Martin pled guilty to one count of a Crime on an Indian

Reservation, Abusive Sexual Contact in violation of 18 U.S.C. § 1153 and of 18 U.S.C. §§

2244(a)(2) and 2246(3). In negotiating the plea agreement, the parties took into consideration, not

only Martin's sexual conduct, but also the efforts that he had been making to reform his sexual

conduct, despite the circumstances of Martin's mental deficiencies. The parties entered into a

stipulation that specified, among other things, that an offense level of 20, before acceptance of

responsibility, is the appropriate offense level. Reducing that offense level by 3 levels for

acceptance of responsibility would result in a final offense level of 17. Martin represents that the

parties reached the stipulated guideline sentence because the parties believed that, under all the

circumstances, a sentence at level 17 would be sufficient but not more than what is necessary to

fulfill the purposes set out in 18 U.S.C. §3553.

On November 14, 2007, the USPO disclosed the original PSR. The PSR noted the plea

agreement's stipulation about the base offense level but made no further reference to the stipulation.

The PSR instead proposed a higher level, in disregard of the parties' stipulation. The PSR increases

the guideline by 4 levels in paragraph 40 pursuant to U.S.S.G. § 4B1.5(a)(1)(B).

In paragraph 40, the PSR states:

**Adjustment for Repeat and Dangerous Sex offender Against Minor**: Pursuant
to U.S.S.G. §4B1.5(a)(1)(B), in any case in which the defendant's instant offense of
conviction is a covered sex crime, and the defendant committed the instant offense
subsequent to sustaining at least one sex offense conviction, the offense level is 24,
based on the offense statutory maximum. On December 9, 1994, the defendant was
convicted of Crime on an Indian Reservation, Aggravated Sexual Abuse (Felony) in
the United States District Court, District of New Mexico, Albuquerque, New

Mexico, Case No. 92-416-001 JP, and was sentenced to 78 months imprisonment and 5 years supervised release.  Therefore, the base offense level is 24.

PSR ¶ 40, at 11.  With a 3-level reduction for acceptance of responsibility, the total offense level would be 21.

In calculating the criminal history, the PSR concluded that the correct criminal history computation is a criminal history category of II.  The PSR noted, however, pursuant to U.S.S.G. § 4B1.5(a)(2), all such offenses should have a criminal history category of V.  The total of the criminal history points is 3, which established a criminal history category of II.  U.S.S.G., Chapter 5, Part A. Pursuant to U.S.S.G. § 4B1.5(a)(2), however, the criminal history category is V.  Under U.S.S.G. § 4B1.5(a)(1)(B), in any case in which the defendant's instant offense of conviction is a covered sex crime, and the defendant committed the instant offense subsequent to sustaining at least one sex-offense conviction, the defendant is a Repeat and Dangerous Sex Offender Against Minors.  On December 9, 1994, Martin was convicted of Crime on Indian Reservation, Aggravated Sexual Abuse (Felony).

In paragraph 124, the PSR opines that there are no factors that may warrant a departure. Martin's counsel filed a sentencing memorandum with objections to the PSR and a request for variance.  In the objections in his sentencing memorandum, Martin submitted that the PSR's conclusion that there are no factors that may warrant a departure was erroneous because it failed to consider the facts and the parties' intent.

At the hearing, the parties stipulated to an offense level of 20 because, with a criminal history category of II, the guideline imprisonment range would be 37-46 months, and they thought a 37-month sentence would be appropriate for Martin.  In reaching the plea agreement, however, they had not realized that U.S.S.G. § 4B1.5(a)(2) would raise the criminal history to V.  See Transcript of

Hearing at 33:22-34:7 (Court & Finzel).[1]  The United States did not, however, did not oppose a sentence of 37 months or, because Martin has already served 35 months and 20 days, a time-served sentence.  See id. at 37:9-11 (Nayback).

## ANALYSIS

The Court has carefully considered Martin's objections to the calculations in the PSR and the arguments he has raised in support of those objections.  The Court finds, however, that the guidelines calculation is correct.  The Court will therefore overrule the objections.  The Court believes, however, that various factors indicate that a variance from the applicable guidelines imprisonment range is appropriate.

## I.    THE COURT WILL OVERRULE MARTIN'S OBJECTIONS TO THE PSR.

Martin's counsel submits that, under the facts of this case, the Court should not apply the upward adjustment in U.S.S.G. §4B1.5(a)(1)(B).  Martin argues that the upward adjustment is only advisory under the guidelines.  Martin contends that, rather than applying the enhancement, the Court should honor the parties' stipulation to an offense level of 20 before acceptance of responsibility.  Martin argues that the Court should not apply §4B1.5(a)(2) under this case's facts and circumstances.

At the hearing, however, Martin agreed that he has no substantive argument against applying the PSR's calculation of 24 for the offense level, and instead states that his arguments go more towards supporting a request for a departure.  The Court finds that the calculation in the PSR is appropriate, and that the offense level is 24 before acceptance of responsibility.  U.S.S.G. §4B1.5(a)(1)(B) provides:

---

[1] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

In any case in which the defendant's instant offense of conviction is a covered sex crime, §4B1.1 (Career Offender) does not apply, and the defendant committed the instant offense subsequent to sustaining at least one sex offense conviction:

(1) The offense level shall be the greater of:

>   (A)   the offense level determined under Chapters Two and Three; or

>   (B)   The offense level from the table below decreased by the number of levels corresponding to any applicable adjustment from §3.E1.1 (Acceptance of Responsibility):

<u>Offense Statutory Maximum</u>                <u>Offense Level</u>

. . . .

(v)   10 years or more, but less than 15 years   **24**

U.S.S.G. §4B1.5(a)(1)(B) (bold and underlining in original). The offense for which Martin was convicted carries a statutory maximum of twelve years. Thus, 24 is the proper offense level.

Martin also agreed that he did not object to the correctness of the calculation of the criminal history category. Rather, Martin submitted that his arguments were more in the vein of requesting a departure or a variance. The Court finds that the criminal history calculation in the PSR is correct. Accordingly, Martin's criminal history category is V.

## II.    <u>THE COURT WILL GRANT MARTIN'S REQUEST FOR A VARIANCE.</u>

Although Martin has made arguments for departure and for variance, the Court believes that the parties' intention more appropriately supports the request for a variance. Thus, for the reasons stated on the record, the Court will not grant a departure. The Court, will, however, grant a variance.

In considering whether to grant a variance, the Court must keep in mind its duty to impose a sentence that accurately reflects each of the factors set forth in 18 U.S.C. § 3553(a). In reaching an appropriate sentence, the Court cannot – unlike an appellate court – consider a sentence falling

within the guidelines range as a presumptively reasonable sentence.  See Gall v. United States, 128

S.Ct. 586, 597 (2007).  Those factors that the Court must consider are:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed –

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for –

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines –

(i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

(5) any pertinent policy statement –

(A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Having carefully considered those factors, the Court believes a variance is proper. Martin's offense level, after the 3-level reduction for acceptance of responsibility, is 21, and his criminal history category is V, producing a guidelines imprisonment range of 70 to 87 months. While the Court is cognizant that Congress has taken sex offenses seriously, the range set forth in the guidelines is not appropriate. Rather, the Court believes a sentence of 35 months and 20 days, or time served, whichever is shorter, reflects a better balance of the sentencing goals and factors set forth in 18 U.S.C. § 3553(a). The Court notes that there has been a great deal of cooperation between the United States and Martin, and the Court has taken some guidance from the United States in determining the appropriate sentence.

Moreover, the Court has taken into consideration the unique circumstances under which the offense was committed. Notably, Martin has sought and received counseling, and is aware of his mental and emotional problems. While he touched his brother's nine-year-old daughter's buttocks, Martin had, up to that point and afterwards, made his brother aware of his problems and had pleaded with his brother to remove the nine-year-old and her brother from the home where he was staying. In other words, Martin, cognizant of the temptation the child posed at the time, asked his brother to

-7-

get the child out of his presence.

Martin's actions in this regard suggest that he has respect for the law, and that a sentence of 35 months and 20 days, or time served, is sufficient to strengthen that respect for the law. Furthermore, the sentence represents just punishment. A sentence within the guidelines range would likely be more than necessary to punish Martin and build his respect for the law. The Court is concerned whether the sentence provides adequate deterrence, but notes that Martin has already served considerable time in prison for this offense – approximately three years.

Important to the Court's calculation of the appropriate is the period of supervised release that the Court will impose on Martin. During the period of supervised release, which will last five years, the conditions of release, including the standard sex-offender conditions, will provide structure, counseling, and supervision for Martin.

Accordingly, having overruled Martin's objections to the PSR, the Court nevertheless varies from the applicable guidelines imprisonment range. The Court will impose a sentence of 35 months and 20 days, or time served, whichever is less, and five years supervised release.

**IT IS ORDERED** that the relief sought in the Defendant's Objections to the Presentence Report and Request for Variance is granted in part and denied in part. The Court overrules Defendant Eric Martin's objections to the PSR, but grants his request for a variance.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Gregory J. Fouratt
  United States Attorney
Kyle T. Nayback
   Assistant United States Attorney
District of New Mexico
Albuquerque, New Mexico

*Attorneys for the Plaintiff*

Roger A. Finzel
  Federal Public Defender
Albuquerque, New Mexico

*Attorneys for the Defendant*